UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| KEVIN J. KEELER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04028-SLD-JEH |
| | ) | |
| COOK COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are *pro se* Plaintiff Kevin J. Keeler's petition to proceed *in forma pauperis* ("IFP"), ECF No. 2, and Motion for Preliminary Injunction, ECF No. 5. For the following reasons, the IFP petition is GRANTED, and the preliminary injunction motion is DENIED.

**BACKGROUND[1]**

Keeler faces prosecution stemming from certain criminal charges in Cook County. *See, e.g.*, Mot. Prelim. Inj. Ex. G, ECF No. 5-7 (showing that Keeler is charged with, *inter alia*, driving under the influence of alcohol in violation of 625 ILCS 5/11-501(a)(2)). He is dissatisfied with the conduct of his public defenders and the state-court judges overseeing his case. *See, e.g.*, Mot. Prelim Inj. ¶¶ 1–4 (alleging that his public defenders were insufficiently communicative, withheld information from him, and improperly conducted his case); *id.* ¶¶ 20, 23 (alleging that he is not being allowed to represent himself). He complains about jail conditions, *id.* ¶¶ 5–7, that his attorney has been ineffective, *id.* ¶ 13 (citing *United States v. Cronic*, 466 U. S. 648, 658, 664 (1984)), that his "attorney is not in [his] corner for this case, and

---

[1] ECF citations refer to the docket of 4:24-cv-04028-SLD-JEH unless otherwise noted.

that he is in fact remaining loyal to his employer Cook County," *id.* ¶ 23, and that he has not received sufficient disclosures of discovery relevant to his case, *e.g., id.* ¶¶ 15–17 (referencing "Brady material"); *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that due process requires the disclosure of evidence "material either to guilt or to punishment"). He also references certain books which purport to document persistent *Brady* violations and systemic mistreatment of *pro se* litigants within Cook County. *See, e.g.*, Mot. Prelim Inj. ¶ 31 (quoting Nicole Gonzalez Van Cleve, *Crook County* (2016)); *id.* ¶ 33 ("The need for discovery reform creating clear and meaningful standards governing the prosecutor's constitutional duty to disclose any and all evidence favorable to the defendant has never been more urgent.").

Keeler previously filed a similar case with the Court, complaining about similar conduct stemming from similar criminal charges. *See generally* Compl., *Keeler v. Cook Cnty. Pub. Def.*, Case No. 4:23-cv-04048-SLD-JEH (C.D. Ill. Mar. 27, 2023), ECF No. 1. The Court dismissed his request for injunctive relief because abstention under *Younger v. Harris*, 401 U.S. 37 (1971), was required. Order 7–10, *Keeler v. Cook Cnty. Pub. Def.*, Case No. 4:23-cv-04048-SLD-JEH (C.D. Ill. Apr. 19, 2023), ECF No. 4. He voluntarily dismissed that case, at the time stating that his mental health and substance abuse issues, as well as his "keen, albeit misguided, interest in the law," led him to file "three civil rights [cases] against three distinct parties," but he subsequently realized that his disputes did not "rise to a level requiring the litigation of a federal case." Status Rep. ¶¶ 5, 7–8, 13, 18, *Keeler v. Cook Cnty. Pub. Def.*, Case No. 4:23-cv-04048-SLD-JEH (C.D. Ill. Sept. 21, 2023), ECF No. 5. Apparently, that was either untrue or not the full story, as he now states that he dismissed that case to secure an offer for "a plea bargain for [his] felony charge" on the advice of inmates in Cook County. Compl. 6, ECF No. 1.[2]

---

[2] The Court cites to pages of the Complaint rather than paragraphs because the Complaint's paragraph-numbering is flawed. *See* Compl. 2 (numbering sequential paragraphs as 3, 4, 2, 3).

In the instant case, Keeler requests an injunction which would: (1) prevent Cook County from further prosecuting "criminal charges of any kind" against him until the instant federal case is resolved; (2) require Cook County to either dismiss his criminal case or transfer it "to a circuit court other than the Circuit Court of Cook County" along with "a full transcript of the record and proceedings" in that case; (3) order Cook County to restore his "efiling [sic] account to full active status and to stop causing it to be blocked"; and (4) direct Cook County "to stop trying to prevent [him] from representing [him]self in civil court by threatening [him] with sanctions and to file an order instead if they believe that [he is] not allowed that right in any particular case." *Id.* ¶¶ 38–40.

## DISCUSSION

### I.   IFP Petition

28 U.S.C. § 1915(a)(1) allows a court to authorize commencement and prosecution of a suit without prepayment of fees by a person who submits an affidavit stating her assets and that she is unable to pay such fees. *See also Holly v. Wexford Health Servs., Inc.*, 339 F. App'x 633, 635–36 (7th Cir. 2009) ("A district court may allow an indigent plaintiff to file a lawsuit without prepaying the required fees if the plaintiff submits an affidavit with a statement of his assets and attests that he is too poor to pay."). Keeler has submitted an affidavit signed under penalty of perjury which demonstrates that he is unable to pay the costs of the proceeding. IFP Pet. 1–5. The petition to proceed IFP, therefore, is GRANTED.

### II.   Legal Standard for Abstention

"[F]ederal courts [generally must] abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (citing *Younger*, 401 U.S. at

43–44). Referred to as *Younger* abstention, this "doctrine . . . is rooted in traditional principles of equity, comity, and federalism." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). The court may raise *Younger* abstention *sua sponte*. *Boothe v. Sherman*, 66 F. Supp. 3d 1069, 1074 (N.D. Ill. 2014) (citing *Capra v. Cook Cnty. Bd. of Review*, 733 F.3d 705, 713 n.5 (7th Cir. 2013)).

Under *Younger* abstention, a court must "abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances—like bias or harassment—exist which auger against abstention." *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998). "The original core of *Younger* abstention— from *Younger* itself—requires federal courts to abstain when a criminal defendant seeks a federal injunction to block his state court prosecution on federal constitutional grounds." *SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 678 (7th Cir. 2010).

### III. Abstention Analysis

The Court found that *Younger* abstention applied to Keeler's request for injunctive relief in his previous case, *see* Order 10, *Keeler v. Cook Cnty. Pub. Def.*, Case No. 4:23-cv-04048-SLD-JEH (C.D. Ill. Apr. 19, 2023), and the instant case compels the same conclusion. Keeler asks the Court to enjoin an ongoing state criminal case. Prelim. Inj. Mot. ¶¶ 20, 38 (alleging that a bench trial is scheduled in his case on March 1, 2024, and asking that the case's prosecution be enjoined). He asks that this Court usurp a Cook County court's authority over its filing system, order that Cook County court to follow certain procedures for his case, and to transfer his case elsewhere or dismiss it. *Id.* ¶¶ 38–40. The purported justification for these extraordinary actions is Keeler's complaints of ineffective assistance of counsel and *Brady* violations, which derive from the Sixth and Fourteenth Amendments respectively. *See Gideon v. Wainwright*, 372 U.S.

4

335, 339 (1963) (quoting U.S. Const. amend. VI); *Brady*, 373 U.S. at 86 (holding that the suppression of a confession "was a violation of the Due Process Clause of the Fourteenth Amendment").

Resolving Keeler's constitutional claims here would undermine the state court proceeding because they would necessitate precluding or vacating a conviction. These are precisely the types of claims that are barred under *Younger*. *See Bertha v. Kane Cnty.*, Case No. 16 C 4982, 2018 WL 4073300, at *4 (N.D. Ill. Aug. 27, 2018) ("These claims are closely related to the state court criminal proceedings—the events having occurred during the proceedings—and are thus barred by *Younger* given that 'the potential for federal-state friction is obvious.' The federal courts should not be policing ongoing state court proceedings." (quoting *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995))); *Boothe*, 66 F. Supp. 3d at 1075 ("Both counts are therefore constitutional claims intimately related to the criminal case, as [the defendants] having suppressed exculpatory evidence or fabricated inculpatory evidence would be grounds for precluding or vacating a conviction.").

The four conditions outlined above are met here. First, the underlying criminal case is judicial in nature and ongoing. Second, the criminal case implicates important state interests as state criminal proceedings are the quintessential claims covered by *Younger*. *See Younger*, 401 U.S. at 46; *SKS & Assocs.*, 619 F.3d at 678. Third, Keeler will have an opportunity to litigate his claims in his state case either before the trial court judge or on appeal. *See Majors*, 149 F.3d at 713 (stating that "[s]ubsequent judicial review is a sufficient opportunity" to "raise constitutional challenges"); *Doe v. Lindell*, No. 22-1666, 2023 WL 196467, at *3 (7th Cir. Jan. 17, 2023) (concluding that the plaintiff had an opportunity to raise her claims in state court where she raised them on appeal); *Doe v. Lake Cnty.*, Case No. 21-cv-3262, 2022 WL 874651, at *6 (N.D.

Ill. Mar. 23, 2022) (similar). His claims are not the sort which limit the opportunity for state review, such as "the legality of pretrial detention without a judicial hearing." *See Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975). Ineffective assistance of counsel claims and *Brady* violations can be reviewed and corrected on appeal within the state courts. *See, e.g.*, *People v. Joiner*, 104 N.E.3d 1251, 1261–65 (Ill. App. Ct. 2018) (reviewing claim of ineffective assistance of counsel); *People v. Buckner*, 876 N.E.2d 87, 93–94 (Ill. App. Ct. 2007) (reviewing claim of *Brady* violation). It is Keeler's burden to "show that there is no state remedy available to meaningfully, timely, and adequately remedy [the] alleged constitutional violations," and he has not done so here. *See FreeEats.com*, 502 F.3d at 597.

Fourth, there do not appear to be any exceptional circumstances that counsel against abstention. This exception to *Younger* is limited; it applies only when "the pending state proceeding was motivated by a desire to harass or is conducted in bad faith" or "the plaintiff has demonstrated an extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure the plaintiff." *Id.* at 596–97 (quotation marks omitted). "[T]he [u]se of such an exception is exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court." *Reardon v. Danley*, No. 21-CV-2260, 2022 WL 3227005, at *9 (C.D. Ill. July 6, 2022) (second alteration in original) (quotation marks omitted, *aff'd on other grounds*, 74 F.4th 825 (7th Cir. 2023). Courts consider factors such as:

> (1) whether [the prosecution] is frivolous or undertaken with no reasonable objective hope of success . . .; (2) whether [the prosecution is] motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights . . .; and (3) whether [the prosecution is] conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id.* (alterations in original) (quotation marks omitted).

Here, Keeler does not allege that he is a member of a suspect class, nor that he has been subjected to multiple prosecutions stemming from these events. He does assert that his prosecution "has to be based on false testimony since no physical evidence," Mot. Prelim. Inj. ¶ 6, and that he fears that he will not be given an opportunity to confront the witnesses against him, *id.* ¶ 16. However, *Younger* instructs that principles of comity require "proper respect for state functions," 401 U.S. at 44, and "[m]inimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Keeler does not sufficiently allege that his prosecution "is frivolous or undertaken with no reasonable objective hope of success," to make his case the "exceedingly rare" one where abstention is not appropriate, given his efforts to circumvent the state appellate process by invoking this Court's jurisdiction. *See Danley*, 2022 WL 3227005, at *9 (quotation marks omitted).

Nor has Keeler shown an "extraordinarily pressing need for immediate equitable relief that, if not granted, will irreparably injure" him. *FreeEats.com*, 502 F.3d at 596. His references to the "psychological torture" and emotional distress caused by incarceration within "Cook County Jail" or similar institutions, Mot. Prelim. Inj. ¶¶ 5–8, 10, as well as his fears concerning how his March 1, 2024, hearing will be conducted, *id.* ¶ 42, are insufficient as "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, c[an] not by themselves be considered 'irreparable' in the special legal sense of that term," *Younger*, 401 U.S. at 46.[3] *Younger* abstention is warranted here.

---

[3] Keeler describes an incident at a Dunkin' Donuts where he was allegedly mistreated by someone, claims he is "in immediate jeopardy" of being attacked by that person, *see, e.g.*, Mot. Prelim. Inj. ¶ 9, and asks that the Court "request the Oak Lawn Police to arrest and charge that person," Compl. 17–18. Keeler lacks standing to pursue this request. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[T]he decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion.").

## CONCLUSION

For the foregoing reasons, Plaintiff Kevin J. Keeler's petition to proceed *in forma pauperis*, ECF No. 2, is GRANTED. His Motion for Preliminary Injunction, ECF No. 5 is DENIED. The Court will conduct a merit review pursuant to 28 U.S.C. § 1915(e)(2)(B) in a subsequent order.

Entered this 27th day of February, 2024.

<div style="text-align: right;">

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

</div>